UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| ROBERT HUDDLESTON | ] | |
| Plaintiff, | ] | |
| | ] | |
| v. | ] | No. 3:15-0839 |
| | ] | Judge Trauger |
| WILSON COUNTY SHERIFF'S | ] | |
| DEPARTMENT, et al. | ] | |
| Defendants. | ] | |

## M E M O R A N D U M   A N D   O R D E R

Before the Court are a *pro se* prisoner complaint (Docket Entry No. 1) brought pursuant to 42 U.S.C. § 1983, and a motion (Docket Entry No. 7) to amend the complaint by including an additional defendant.

The plaintiff may amend his complaint once as a matter of course because there has not yet been a response made to the complaint. Rule 15(a), Fed. R. Civ. P. Consequently, plaintiff's motion to amend is GRANTED.

The plaintiff is an inmate at the Wilson County Jail in Lebanon, Tennessee. He has paid the fee required to file the complaint. *See* Docket Entry No. 5. Nevertheless, the Court is now obliged to review the complaint to identify any colorable claims for relief and dismiss claims that are not cognizable in this action. 28 U.S.C. § 1915A.

Plaintiff complains about conditions of his confinement at the Wilson County Jail. More specifically, he alleges that the defendants, Lt. Whitefield and Officer Bennett, have retaliated

1

against him for the filing of grievances. This retaliation has taken the form of verbal abuse, unjustified placement in segregation, returning a money order intended for the plaintiff to its sender, and denying him a medically prescribed "no pork" diet.

Retaliation against a prisoner for utilizing the jail grievance system is actionable under 42 U.S.C. § 1983. Thomas v. Eby, 481 F.3d 434, 440 (6th Cir. 2007). Thus, the plaintiff has stated a colorable claim against Lt. Whitefield and Officer Bennett.

The plaintiff is suing Jerry Scott, Training Coordinator for the Tennessee Corrections Institute, and Robert Bryan, Sheriff of Wilson County, in their official capacities. A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity of which the official is an agent. Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir.1994); *see also* Will v. Michigan Department of State Police, 109 S.Ct. 2304, 2312 (1989). In essence, then, the plaintiff's claims are against the State of Tennessee, Jerry Scott's employer, and Wilson County, Sheriff Bryan's employer.

The Eleventh Amendment bars a suit in federal court by a citizen against a state unless the state has expressly consented to suit by waiving its sovereign immunity or Congress has clearly overridden that immunity. Pennhurst State School and Hospital v. Halderman, 104 S.Ct. 900, 908 (1984); Will v. Michigan Department of State Police, *supra.* Congress has not overridden a state's sovereign immunity to civil rights complaints. Moreover, the State of Tennessee has not consented to waive its immunity to such actions. Berndt v. Tennessee, 796 F.2d 879 (6th Cir.1986). As a consequence, the plaintiff has failed to state a claim against Jerry Scott and the Tennessee Corrections Institute, the state agency he works for. The claims against these defendants, therefore, are DISMISSED.

In order to state a claim against Sheriff Bryan acting in his official capacity, the plaintiff must show that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by Wilson County or its agent, the Wilson County Sheriff's Department. Monell v. New York City Department of Social Services, 98 S.Ct. 2018 (1978). The plaintiff has made no such allegation. Consequently, the claims against Sheriff Bryan are also DISMISSED.

A county sheriff's department is not a "person" subject to liability under § 1983. Petty v. County of Franklin, Ohio, 478 F.3d 341, 347 (6th Cir. 2007). Hence, the claims against the Wilson County Sheriff's Department are DISMISSED.

The plaintiff alleges that vendors, Swanson Services Corp. and Trinity Services Group, are guilty of charging inmates too much for items they purchase in the jail's commissary. A prisoner, however, has no constitutional right to be able to purchase items from a commissary at a certain price and without tax. McCall v. Keefe Supply Co., 2003 WL 21716435 (10th Cir. 2003); *see also* Tokar v. Armontrout, 97 F.3d 1078, 1083 (8th Cir. 1996). Accordingly, the claims against these defendants are DISMISSED as well.

It is alleged that the defendants are liable for a violation of the Health Insurance Portability and Accountability Act of 1996, commonly known as HIPAA.[1] HIPAA, however, does not create a private cause of action. Dodd v. Jones, 623 F.3d 563, 569 (8th Cir. 2010). As a consequence, HIPAA violations can not be remedied in an action under § 1983. Seaton v. Mayberg, 610 F.3d 530, 533 (9th Cir. 2010). Such claims, therefore, are DISMISSED.

---

[1] The plaintiff makes reference to a "Hipple Law" violation. It is presumed that he is referring to HIPAA.

Finally, the plaintiff alleges that the defendant, Capt. Kent Beasley, neglected to discuss a grievance with him. § 1983 relief will not be granted against prison officials whose only involvement was the denial of administrative remedies. <u>Summers v. Leis</u>, 368 F.3d 881, 888 (6th Cir. 2004); *see also* <u>Shehee v. Luttrell</u>, 199 F.3d 295, 300 (6th Cir. 1999). Consequently, the claims against this defendant are also DISMISSED.

The Clerk is instructed to send the plaintiff a service packet (a blank summons and USM 285 form) for Lt. Doug Whitefield and Officer Bennett. The plaintiff will complete the service packets and return them to the Clerk's Office within twenty one (21) days of the date of receipt of this order. Upon return of the service packets, PROCESS SHALL ISSUE to these defendants. The plaintiff is forewarned that the failure to return the completed service packets within the time required could jeopardize his prosecution of this action. He is also forewarned that his prosecution of this action will be jeopardized should he fail to keep the Clerk's Office informed of his current address.

This action is REFERRED to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b), Fed.R.Civ.P., and the Local Rules of Court.

It is so ORDERED.

_____
Aleta A. Trauger
United States District Judge