# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| ROBERT HUDDLESTON # 99063951, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:15-00839 |
| | ) | Judge Trauger/Brown |
| WILSON COUNTY SHERIFF'S | ) | |
| DEPARTMENT, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

The Magistrate Judge **RECOMMENDS** for the reasons explained below that: **1)** the motion to dismiss filed by defendants Lt. Doug Whitefield and Officer Mitchell Bennett (Doc. 25) be **GRANTED**; **2)** this case be **DISMISSED WITH PREJUDICE**; **3)** acceptance and adoption of this Report and Recommendation (R&R) constitute the **FINAL JUDGMENT** in this action; **4)** all pending motions be terminated as **MOOT**; **5)** any appeal **NOT** be certified as taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

## I.  INTRODUCTION
## AND
## BACKGROUND

Plaintiff, proceeding *pro se,* brought this action under 42 U.S.C. § 1983.  (Doc. 1)  He was a pretrial detainee in the Wilson County Jail at the time of the alleged events that gave rise to this action.  Plaintiff moved to amend his complaint on September 22, 2015 prior to initial review under 28 U.S.C. § 1915A.  (Doc. 7)

The District Judge granted plaintiff's motion to amend on initial review, and then dismissed the case as to all defendants except Lt. Whitefield and Officer Bennett, against whom plaintiff sought only injunctive relief, *i.e.*, their "Resignation."  (Doc. 1, p. 14 of 14; Doc. 9)  The District Judge determined that plaintiff stated a colorable against Lt. Whitefield and Officer Bennett for

allegedly retaliating against him because he availed himself to the jail grievance procedure. (Doc. 9, p. 2) The District Judge then referred this matter to the undersigned to "enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court." (Doc. 9, p. 4)

Plaintiff filed a second amended complaint on October 28, 2015 (Doc. 12), which the undersigned construed as a motion to amend (Doc. 13, p. 2). The undersigned denied the motion on November 5, 2015 because plaintiff had amended his complaint once as a matter of right, he had not obtained the court's permission to amend a second time, and the proposed amended complaint was not a "complaint that [wa]s complete in all details . . . ." (Doc. 13, p. 1), *i.e.*, it raised new claims, but required the parties to consider and respond to more than a single document.

Plaintiff filed another motion to amend his complaint on December 16, 2015. (Doc. 21) The undersigned denied that motion because plaintiff failed to follow the plain-language instructions that the undersigned provided in his November 5th order. (Doc. 22)

Lt. Whitefield and "Captain David Bennett" filed a joint motion to dismiss and supporting memorandum of law on January 5, 2016. (Docs. 25-26) The undersigned entered an order on January 6, 2016 instructing plaintiff to respond to the motion to dismiss on or before February 8, 2016. (Doc. 27)

Summonses were returned executed as to Lt. Whitefield and Officer Bennett on January 12, 2016. (Docs. 30-31) Plaintiff wrote the following on the summons for Officer Bennett: "mean while the officer have resign From his Job so ask Sheriff Dept For home Address." (Doc. 31, p. 1 of 2) Plaintiff also noticed the court on February 8, 2016 that Officer Bennett had resigned from the

Wilson County Sheriff Department. (Doc. 38)

Defense counsel noticed the court on January 14, 2016 that "The motion to Dismiss and Memorandum of Support (Docs. 25, 26) incorrectly list[ed] the Defendant as Captain David Bennett. The correct name of the Defendant is Officer Mitchell Bennett." (Doc. 33)

Plaintiff filed a document captioned "motion to objection/state a claim/material" on February 9, 2016 (Doc. 39), which the undersigned liberally construes as plaintiff's response to the motion to dismiss filed by Lt. Whitefield and Officer Bennett. This matter is now properly before the court.

## II. ANALYSIS

### A. Actions Brought Under 42 U.S.C. § 1983

To state a claim under § 1983, plaintiff must allege and show that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *see Wershe v. Combs*, 763 F.3d 500, 504-05 (6th Cir. 2014)(citation omitted).

### B. Motion to Dismiss

An action brought in federal court may be dismissed for failure to state a claim on which relief may be granted. Rule 12(b)(6), Fed. R. Civ. P. In assessing a motion to dismiss under Rule 12(b)(6), the court is required to construe the complaint in the light most favorable to the plaintiff, accept the plaintiff's factual allegations as true, and determine "whether the complaint 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Heinrich v. Waiting Angels Adoption Services, Inc.,* 668 F.3d 393, 403 (6th Cir. 2012)(quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A motion to dismiss under Rule 12(b)(6) "should not

3

be granted 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Dubay v. Wells*, 506 F.3d 422, 427 (6th Cir. 2007)(citation omitted).

### C. Plaintiff's Demand for Relief Against Lt. Whitefield and Officer Bennett

As previously noted above at p. 2, plaintiff seeks only injunctive relief against both Lt. Whitefield and Officer Bennett, *i.e.*, he demands their "Resignation." Prison and jail administrators – not the federal courts – make the day-to-day decisions pertaining to the operation of prisons and jails, including hiring, firing, and whether to demand resignations from corrections officers/officials. *See Turner v. Safley*, 482 U.S. 78, 89 (1987)(quoting *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 128 (1977)). In short, the district court lacks the authority to order the resignation of either Lt. Whitefield or Officer Bennett, or to order the Wilson County Sheriff's Department to force their resignation. *See U.S. v. White County Bridge Commission*, 275 F.2d 529, 535 (7th Cir. 1960)(a federal district court lacks the inherent power to hire or remove officials not within the executive control of that federal district court); *see also U.S. v. Bradford*, 1989 WL 40108 *1 (6th Cir., Apr. 24, 1989)("the district court has no authority to order that [the] defendant be furloughed"); *Street v. Rodriguez*, 2014 WL 840083 * 5 (E.D. Mich., Mar. 2, 2014)( the court has no authority to order a state to terminate the employment, or otherwise discipline, a state corrections officer).

As shown above, the district court does not have the authority to grant plaintiff's demand for relief against Lt. Whitefield and Officer Bennett. Although the complaint is subject to dismissal on this ground alone, the undersigned will address the retaliation claim for the sake of completeness.

### D. The Complaint Against Lt. Whitefield

Lt. Whitefield advances the following two arguments in his motion to dismiss: 1) he is entitled to protection under the doctrine of qualified immunity; 2) plaintiff has failed to make a *prima facie* showing of retaliation against him. (Doc. 26, pp. 3-8 of 11) The undersigned will not address Lt. Whitefield's qualified immunity argument as his second argument is dispositive on its face.

To establish a *prima facie* case of retaliation under § 1983, plaintiff must show that he: 1) engaged in protected conduct; 2) he suffered an adverse action likely to chill a person of ordinary firmness from engaging in that protected conduct; <u>and</u> 3) his protected conduct was a substantial motivating factor in the adverse action(s) alleged. *Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010)(citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)(*en banc*)). Plaintiff must establish all three elements to prevail on a claim of retaliation under § 1983.

The law is well established that a prisoner has an "undisputed First Amendment right to file grievances against prison officials on his own behalf." *Hill*, 630 F.3d at 472 (quoting *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000)). Plaintiff has attached copies of six grievances to his complaint. Because plaintiff obviously filed grievances, he has satisfied the first of the three elements required to establish a *prima facie* case of retaliation.

Whether Lt. Whitefield's alleged actions were sufficient to deter a person of ordinary firmness from engaging in the protected conduct at issue generally is a question of fact. *Wurzelbacher v. Jones-Kelly*, 675 F.3d 580, 583-84 (6th Cir. 2012)(citing *Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2001)). Therefore, the undersigned will bypass the second element and press on to the third to determine whether plaintiff's filing of grievances was a substantial motivating factor in Lt. Whitefield's alleged actions.

5

Plaintiff alleges the following against Lt. Whitefield in the statement of facts in his complaint:

> Plaintiff claims that on Dec 7, 2012 that he the plaintiff was placed in segregation for 31 days without a write-up, released then placed back into segregation again for 5 days.[1] Lt. Whitefield was the one that ordered me (the plaintiff) to go to segregation on both instances. These actions are cruel and unusual punishment. On April 21, 2015 Lt. Whitefield ordered me (the plaintiff) to go to segregation again, stating the doctor ordered me to go for medical reasons. I questioned Dr. Kenneth Matthews on April 22, 2015 about him ordering me to go to Medical Isolation and he stated 'I had nothing to do with that & I'm not losing my license behind that. That was Whitefield's doing.' By these actions committed by Whitefield, he violated the 'Hipple laws.' Whitefield is not following policies he's made. On September 27, 2014 I the plaintiff received a money order over $50. The money order was returned to the sender. Afterwards on Oct. 1, 2014 a memo was posted stating the jail would not accept money orders over the amount of $50. Therefore he is violating his own rules. I have an attachment for this claim. Doctors have ordered me to get 'no pork' trays and Whitefield has denied me receiving them.

(Doc. 1, ¶ IV, pp. 9-10 or 14) Plaintiff asserts no other factual allegations against Lt. Whitefield.

As shown above, plaintiff does not assert, nor can it be liberally construed from the complaint, that Lt. Whitefield's alleged actions were motivated by plaintiff filing grievances. Indeed, the complaint against Lt. Whitefield is utterly silent on the matter of grievances.

Because plaintiff has failed to establish the third element of the three elements enumerated above at p. 5, he cannot make a *prima facie* showing of retaliation against Lt. Whitefield. Accordingly, the complaint should be dismissed against Lt. Whitefield for failure to state a claim upon which relief may be granted.

---

[1] The undersigned notes for the record that plaintiff has raised his complaint concerning the alleged events in December 2012 more than two years beyond the one-year statute limitations to bring an action under § 1983. A copy of the grievance attached to the complaint pertaining to the alleged December 2012 events also shows that plaintiff did not file a grievance concerning those alleged events until August 15, 2013, more than eight months after the fact. (Doc. 1-1, p. 2 of 22)

### E. The Complaint Against Officer Bennett

Officer Bennett argues at length that plaintiff has failed to make a *prima facie* showing of retaliation against him. However, the issue in Officer Bennett's case is simpler than that.

As previously noted above, plaintiff seeks only injunctive relief against Officer Bennett, *i.e.*, plaintiff demands Officer Bennett's "Resignation." As shown above at p. 3, plaintiff informed the court that Officer Bennett has resigned from the Wilson County Sheriff's Department.

The law is well established that where, as here, a prisoner's demand for injunctive relief has been satisfied, that demand has been rendered moot. *See Haight v. Thompson*, 763 F.3d 554, 561 (6th Cir. 2014); *Selby v. Caruso*, 734 F.3d 554, 561 (6th Cir. 2013); *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010). Thus, even if the court had the authority to grant plaintiff's demand for Officer Bennett's resignation, the court would be unable to grant such relief because Officer Bennett already has resigned. Consequently, the complaint should be dismissed against Officer Bennett as moot.

### IV. CONCLUSION AND RECOMMENDATIONS

The Magistrate Judge **RECOMMENDS** for the reasons explained above that: **1)** the motion to dismiss filed by defendants Lt. Whitefield and Officer Bennett (Doc. 25) be **GRANTED**; **2)** this case be **DISMISSED WITH PREJUDICE**; **3)** acceptance and adoption of this R&R constitute the **FINAL JUDGMENT** in this action; **4)** all pending motions be terminated as **MOOT**; **5)** any appeal **NOT** be certified as taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

Under Rule 72(b), Fed. R. Civ. P., any party has fourteen (14) days from service of this R&R within which to file with the district court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this R&R within which to file a response to said objections. Failure to file

specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal of this R&R.  *Thomas v. Arn*, 474 U.S. 140, 142, *reh'g denied*, 474 U.S. 1111 (1986); *Alspaugh v. McConnell*, 643 F.3d 162, 166 (6th Cir. 2011).

**ENTERED** this the 12th day of May, 2016.

/s/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge